IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| GEORGE H. ARCHIBALD, ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 5:12-cv-95-MFU |
| GLEN D. MASTERS, ) | |
| d/b/a Berryville News Stand, et al., ) | |
| Defendants. ) | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

The named Defendants, Glen D. Masters, d/b/a Berryville News Stand, and Glen D. Masters, as an Individual, respectfully submit this Memorandum in Support of Defendants' Motion to Dismiss the Plaintiff's Complaint, as well as the Plaintiff's "Amendment to Complaint". The Defendants' motion to dismiss should be granted for the following reasons:

1. The Plaintiff, who identifies himself as a white, Caucasian, British-born naturalized U.S. citizen, is not a member of a protected class, and his discrimination claims are without merit.

2. The Virginia <u>Residential</u> Landlord and Tenant Act has no application to the Defendants' commercial news stand and restaurant.

3. The Plaintiff's conspiracy to discriminate claim fails as a matter of law because agents of a master cannot conspire with themselves, and because there is no underlying discrimination.

1

## PLAINTIFF'S ALLEGATIONS

1. The Plaintiff alleges that he is "a 68-year-old Caucasian male born in England, naturalized as a citizen of the United States at age 22 …." (Complaint at Paragraph 6), and that he "is a ‑white citizen‑ of British ‑national origin‑" (Complaint at Paragraph 36.)

2. The Plaintiff further alleges that the Defendant has barred him from the Berryville News Stand, because of the Defendant's knowledge of what the Plaintiff refers to as "a private matter between the Plaintiff and [a] competing restaurant proprietor…", namely, a no trespass notice issued against the Plaintiff by the competing restaurant proprietor. (Complaint at Paragraph 15.) The Plaintiff alleges that he was told by the Defendant to leave the Defendants' restaurant "because some of my customers do not like you, and my staff do not like what you say, so I want you to leave." (Complaint at Paragraph 18.) The Plaintiff complains that no further explanation was given to him, and offers no explanation other than what was stated. The Plaintiff further alleges that the Defendants caused a no trespass notice to be issued against him. (Complaint at Paragraph 25.) The Plaintiff alleges that the no trespass notice somehow violated the Virginia <u>Residential</u> Landlord and Tenant Act, VA Code §55-248.31:01. (Complaint at Paragraphs 30-32.)

3. In his "Amendment to Complaint", the Plaintiff alleges that the Defendant "conspired" with two of his employees to help cause an allegedly false story to appear in the *Winchester Star* newspaper (Amendment to Complaint at Paragraph 2), giving rise to Count III, a claim of conspiracy to discriminate. Significantly, Attachment 2 to the Plaintiff's Amendment to Complaint contains a copy of the Plaintiff's letter to the *Winchester Star*, in which the Plaintiff admits to stating to one of the Defendant's female employees, "You shouldn't have been sitting there like that, I could see down your shirt." In Attachment 2 to the Amendment to Complaint,

2

the Plaintiff refers to this female employee as follows: "[T]he young lady had a very ample figure and tight T-shirt that I was forced to see down as I tried to open the door…." (Amendment to Complaint, Attachment 2.)

4. Count I of the Complaint is captioned "Racial and National Origin Discrimination in a Place of Public Accommodation in Violation of 42 U.S.C. §§ 1981, 1982, 2000a". Count II of the Complaint is captioned "Discrimination in Contractual Relations in Violation of 42 U.S.C. § 1981"; in Count II, the Plaintiff asserts that "Plaintiff is a member of a protected class based on his national origin as British-born, and a naturalized American citizen since 1967." (Complaint at Paragraph 41.) In the Amendment to Complaint, the Plaintiff sets forth Count III, captioned "Conspiracy in Violation of 18 U.S.C. § 241 To Further Discrimination in Racial and National Origin and Contractual Relations in a Place of Public Accommodation in Violation of 42 U.S.C. §§ 1981, 1982, and 2000a."

## ARGUMENT

The Plaintiff's claims of discrimination, allegedly in violation of 42 U.S.C. §1981, 1982, and 2000(a) (Counts I and III), and 42 U.S.C. §1981 (Count II), fail to state a claim upon which relief can be granted.

First, all of the Plaintiff's § 1981 claims based on his national origin as a British-born U.S. citizen fail, because § 1981 does not recognize claims based on national origin. See, e.g., *Gainey v. Kingston Plantation*, 2008 U.S. Dist. LEXIS 34006 (D.S.C. 2008), holding that "To establish a claim for discrimination under § 1981, the Plaintiff must allege and prove… [he] is a member of a racial minority… [C]ourts have recognized that § 1981 does not apply to… discrimination claims based on gender or national origin." Id. at *4 (emphasis in original, citations omitted.) See also *Von Zuckerstein v. Argonne Nat'l Laboratory*, 984 F.2d 1467 (7th

3

Cir. 1993), cert. denied, 510 U.S. 959, 114 S. Ct. 419, 126 L. Ed. 2d 365 (1993) (holding that claims based on a claim that the plaintiff was "foreign born" "are not cognizable under section 1981, which is designed to remedy discrimination based on race or ethnicity." *Id.* at 1472; *Ohemeng v. Delaware State College*, 676 F. Supp. 65 (D. Del. 1988) ("§ 1981 has not been construed to forbid discrimination based solely upon an individual's place or nation of origin." *Id.* at 68, citing *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 107 S. Ct. 2022, 2028, 95 L. Ed. 2d 582, reh'g denied, 483 U.S. 1011, 107 S. Ct. 3244, 97 L. Ed. 2d 749 (1987). Accordingly, all of the Plaintiff's claims alleging a violation of § 1981 based on the fact that the Plaintiff was British-born fail, and should be dismissed.

Second, the Plaintiff's claims of racial discrimination under § 1981 also fail because the Plaintiff is not a racial minority, as is required to state a claim under § 1981. See, *e.g.*, *Gainey, supra*, holding that to establish a § 1981 claim, a plaintiff must prove that he is a member of a racial minority. *Id.* at *4. By his own admission, the Plaintiff is a "white", "Caucasian" male, and cannot meet the standard of being a racial minority required to pursue a racial discrimination claim under § 1981. Accordingly, all of the Plaintiff's § 1981 claims should be dismissed.

Third, the Plaintiff's § 2000a claims should be dismissed, because the Plaintiff cannot show that he is a member of a protected class. With respect to race, as a self-described "white" "Caucasian" male, the Plaintiff is not a member of a protected class by virtue of his race. In *McDonnell-Douglas Court v. Green*, the U.S. Supreme Court stated, in the context of a Title VII discrimination case, that a plaintiff must, at a minimum, show "that he belongs to a racial minority." 411 U.S. 792 (1973) at 802. As a white or Caucasian male, the Plaintiff cannot show that he belongs to a racial minority, so his § 2000a claims based on race fail.

4

Fourth, with respect to the Plaintiff's § 2000a claims based on national origin, the Plaintiff cannot show that he is a member of a protected class on national origin grounds. The Plaintiff alleges that he is a "68-year-old Caucasian male born in England, naturalized as a citizen of the United States at age 22", and is a "British-born.... naturalized American citizen since 1967". (Complaint at Paragraphs 6 and 41.) British-born, white, naturalized U.S. citizens simply are not members of a "protected class". For example, in *Terrill v. Chao*, 31 Fed. Appx. 99, 2002 U.S. Lexis 3742 (4th Cir. 2002), cert. denied, 537 U.S. 823 (2002), the Fourth Circuit Court of Appeals rejected a claim of national origin discrimination by self-proclaimed "Confederate Americans". *Terrill* at 100, citing *Chaplin v. Dupont Advance Fiber Systems*, 293 F. Supp. 2d 622 (E.D.Va. 2003). In *Chaplin*, the District Court for the Eastern District of Virginia held as follows:

> [I]n order to state a claim… for national origin-based discrimination, Plaintiffs would first… have to prove that the "national origin group" to which they belong is a protected class.

*Id.* at 628, citing *Williams v. Ceberonics, Inc.*, 871 F. 2d 452, 455 (4th Cir. 1989) and *McDonnell Douglas Corp.*, supra. In *Ceberonics,* supra, the Fourth Circuit Court of Appeals affirmed that to prevail in a discrimination case, a plaintiff must show membership in a protected class. Here, as a self-described white, Caucasian, British born-naturalized U.S. citizen, the Plaintiff, like the "Confederate Americans" in *Terrill* and *Chaplin*, cannot show that he is a member of a protected class. Accordingly, his discrimination claims under § 2000a must be dismissed.[1]

---

[1] In his Complaint, the Plaintiff makes a passing reference to 42 U.S.C. § 1983, although he does not allege that § 1983 was violated in either Count I, II, or III of his Complaint or "Amendment to Complaint". To the extent either the Complaint or "Amendment to Complaint" could be interpreted as asserting a § 1983 claim, any such claim must fail, because there is no allegation of any state action. Similarly, although the Plaintiff refers to 42 U.S.C. § 1982 in his Complaint and "Amendment to Complaint", none of his allegations state a claim under § 1982, which governs the sale and lease of real and personal property, usually in the context of discriminatory housing practices.

5

Fifth, all of the Plaintiff's claims fail because there is no allegation in the Complaint that the Plaintiff's status as a white, naturalized U.S. citizen formed the basis of any action taken by the Defendants. The Plaintiff's Complaint asserts only that the Plaintiff was offended when the Defendant allegedly inquired into a "private matter" (*i.e.*, a no trespass notice issued against the Plaintiff by the proprietor of another restaurant in Berryville), and that the Plaintiff was offended at being issued a no trespass notice prohibiting him from entering the Defendants' restaurant. The Plaintiff states in Attachment 2 to his "Amendment to Complaint" that he told one of the Defendants' employees (whom he described as having an "ample figure" in a "tight T-shirt") that he could see down her shirt. The Plaintiff alleges he was told by the Defendant, "I don't want you coming in here either because some of my customers do not like you, and my staff do not like what you say, so I want you to leave." (Complaint at Paragraph 18.) The Plaintiff claims that his "privacy rights" were violated, and that he was offended and insulted, but simply fails to state a basis for a claim of discrimination. Accordingly, for this additional reason, the Complaint should be dismissed.

Sixth, in his "Amendment to Complaint", the Plaintiff alleges that the Defendant allegedly conspired to force two of his employees to make allegedly false statements to a reporter of the *Winchester Star*. The Plaintiff's allegations that the Defendant has conspired with his employees must fail as a matter of law. Case law makes clear that the actions of a servant on behalf of a master will be deemed to be the actions of the master, the parties are considered one, and a party cannot conspire with himself. *See*, *e.g.*, *Buschi v. Kirven*, 775 F.2d 1240 (4th Cir. 1985); *Bell v. Roanoke*, 2009 U.S. Dist. LEXIS 120153 (W.D. Va. 2009) (citing *Buschi*, supra); and *Selman v. American Sports Underwriters, Inc.*, 697 F.Supp. 225 (W. D. Va. 1988).[2]

---

[2] Of course, the Plaintiff's conspiracy to discriminate claim also fails because an alleged conspiracy to discriminate requires a showing of discrimination, and, as noted above, the Plaintiff cannot make any such showing.

6

Finally, the Plaintiff's Complaint contains a claim that the no trespass notice violated Virginia's Residential Landlord and Tenant Act. While it is not clear from a review of the Complaint what, if any, impact this allegation plays with respect to the remaining part of his Complaint, it is clear that the Virginia <u>Residential</u> Landlord and Tenant Act has no application in this case. The Virginia <u>Residential</u> Landlord and Tenant Act specifically applies only to "dwelling units", defined under the Act as structures "used as a home or residence". Va. Code Ann. § 55-248.4(o). The Plaintiff has alleged at Paragraphs 7 and 8 of the Complaint that the news stand is a "commercial establishment" that "offers for sale to the public food, beverages, newspapers and periodical publications, either to take away or for consumption and use in a self-serve restaurant-coffee shop and grill-type setting with table seating." It is not a home or residence, and the Act has no application in this case.

In sum, the Plaintiff in this case has alleged that a result of the Defendant's alleged knowledge of a private dispute between the Plaintiff and another restaurant owner, as well as comments that the Plaintiff made to one of the Defendants' employees in the Defendants' restaurant, the Plaintiff was told to leave the Defendants' restaurant and not come back. The Plaintiff alleges that the issuance of a no trespass notice against him, preventing him from returning to the restaurant, offended him. Assuming <u>arguendo</u> that all of this is true, the Plaintiff has alleged no facts upon which a claim of discrimination can be based. The Plaintiff, a self-described "white" "Caucasian" male naturalized U.S. citizen, is not a member of a protected class, and has no standing to assert a claim of discrimination. There is no violation of the Virginia Residential Landlord and Tenant Act, much less any allegation of how such a violation might be a predicate for a discrimination claim. The alleged "conspiracy" to discriminate fails

7

because a party cannot conspire with itself, and because there is no underlying unlawful act about which to conspire.

## CONCLUSION

For each of the foregoing reasons, the Defendants respectfully request that the Court grant the Defendants' motion to dismiss the Plaintiff's Complaint, and "Amendment to Complaint", with prejudice.

        Respectfully submitted,

        GLEN D. MASTERS,
        d/b/a Berryville News Stand and
        GLEN D. MASTERS, as an Individual

By: _____/s/_____
            Counsel

James A. Klenkar, Esquire
VSB No. 38040
*Counsel for Defendants*
HALL, MONAHAN, ENGLE
  MAHAN & MITCHELL
P.O. Box 848
Winchester, VA  22604-0848
Tel. No. (540) 662-3200
Fax No. (540) 662-4304
lawyers@hallmonahan.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2012, a true copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system and was mailed via U.S. First Class regular mail, postage prepaid, to the following:

George H. Archibald
27 West Main Street
Berryville, VA  22611-1380
  Plaintiff *pro se*


                    GLEN D. MASTERS,
                    d/b/a Berryville News Stand and
                    GLEN D. MASTERS, as an Individual

By: _____/s/_____
           Counsel

James A. Klenkar, Esquire
VSB No. 38040
*Counsel for Defendants*
HALL, MONAHAN, ENGLE
  MAHAN & MITCHELL
P.O. Box 848
Winchester, VA  22604-0848
Tel. No. (540) 662-3200
Fax No. (540) 662-4304
lawyers@hallmonahan.com

9