IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| GEORGE H. ARCHIBALD, | ) | |
| | ) | |
|    Plaintiff, | ) | Civil Action No.: 5:12cv095 |
| | ) | |
| v. | ) | |
| | ) | |
| GLEN D. MASTERS, | ) | By: Hon. Michael F. Urbanski |
| d/b/a Berryville News Stand, et al., | ) | United States District Judge |
| | ) | |
| | ) | |
|    **Defendants.** | ) | |

## ORDER

This matter is before the court on defendants' Motion to Dismiss (Dkt. No. 9) and pro se plaintiff's Motion to Deny defendants' Motion to Dismiss (Dkt. No. 16). The motions were referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. On February 5, 2013, the Magistrate Judge issued a report and recommendation recommending that defendants' motion to dismiss be granted. (Dkt. No. 27.) On February 15, 2013, plaintiff filed an objection to the report and recommendation, and defendants responded on February 27, 2013. (Dkt. Nos. 28 & 29.) Upon review of the pleadings, the report and recommendation, and plaintiff's objection, the court believes that the report and recommendation must be adopted in its entirety.

Plaintiff is a Caucasian, naturalized United States citizen of British origin. In the complaint, plaintiff alleges that defendant discriminated against him based on his national origin under 42 U.S.C. §§ 1981, 1982, and 2000a, and the Virginia Residential Landlord and Tenant

Act.[1]  Specifically, plaintiff argues that defendant sought the issuance of a no trespass notice against him, banning him from defendant's establishment, Berryville News Stand, and that such action constitutes per se discrimination.  Defendant contends that the no trespass notice was sought for a non-discriminatory purpose, particularly due to alleged inappropriate comments made by plaintiff to defendant's staff at the Berryville News Stand.  The report and recommendation recommended that the motion to dismiss be granted for two reasons.  First, 42 U.S.C. §§ 1981 and 1982 prohibit discrimination based on race and not national origin, and plaintiff has alleged no facts that the no trespass notice was issued due to his race.  Second, while 42 U.S.C. § 2000a does prohibit discrimination based on national origin, plaintiff has failed to allege any nexus between his alleged discrimination and his national origin.  Plaintiff's objection does not address these crucial infirmities in his complaint and merely reiterates his arguments previously made and aptly considered by the magistrate judge.

Accordingly, it is **ORDERED** and **ADJUDGED** that defendants' Motion to Dismiss (Dkt. No. 9) is **GRANTED**, that plaintiff's Motion to Deny defendants' Motion to Dismiss (Dkt. No. 16) is **DENIED**, that the report and recommendation (Dkt. No. 27) is **ADOPTED in its entirety**, that this case is **DISMISSED**, and that it is **STRICKEN** from the active docket.

The Clerk is directed to send a copy of this Order to all counsel of record, including plaintiff, proceeding pro se.

Entered:  April 23, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[1] At oral argument, plaintiff conceded that he was not asserting a claim under the Virginia Residential Landlord and Tenant Act.